IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE AMERSON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| Warden HILTON HALL, Deputy Warden CLINTON PERRY, Deputy Warden SAMUEL LACY, Chief Counselor JOHN HILL, Counselor JAMINA GORDON, GDOC Comm'r JAMES DONALD, Lt. JAMES HINTON, and Officers RONALD LACH, DELTON RUSHIN, DONDOREAN COLBERT, and EDDIE BERRYHILL, | : : : : : : : : : | NO. 5:07-CV-148 (WDO)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |
| Defendants | : | |

## ORDER DENYING APPOINTMENT OF COUNSEL

Plaintiff CHRISTOPHER LEE AMERSON has requested this court to provide legal representation for him in the above-captioned proceeding. Tab #7. Generally speaking, no right to counsel exists in §1983 actions. *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Mekdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983); it is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

Plaintiff's motion for appointment of counsel is viewed by the court as being <u>premature</u>. Until such time as the defendant has been served <u>and</u> the court has an opportunity to review responsive pleadings of the defendant, it cannot properly evaluate plaintiff's need for counsel in this action. The court on its own motion will consider assisting plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.

Accordingly, at this time plaintiff's motion for appointment of legal counsel is DENIED.

SO ORDERED AND DIRECTED, this 18th day of MAY, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE