IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHRISTOPHER LEE AMERSON,

               Plaintiff

VS.

HILTON HALL, *et al.*,

               Defendants

NO. 5:07-CV-148 (CDL)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## ORDER AND RECOMMENDATION

On November 9, 2007, the undersigned issued a RECOMMENDATION that the defendants' MOTION TO DISMISS the instant §1983 claim be granted on the grounds that plaintiff CHRISTOPHER LEE AMERSON failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act of 1995. Tab #17. The November 9th RECOMMENDATION included a footnote which indicated that the undersigned would reconsider the recommendation if plaintiff Amerson could provide evidence of his exhaustion of the administrative remedies available to him. Thereafter, plaintiff Amerson objected to the Recommendation. Tab #18.

Upon consideration of plaintiff's Objection, the Recommendation entered by the undersigned on November 9th is hereby VACATED and replaced with the following Recommendation:

In plaintiff's Objection, he advised the court that he did, in fact, attempt to respond to an earlier order from the undersigned directing him to produce evidence that he had exhausted administrative remedies within the Department of Corrections. Plaintiff contends that he sent his response to the Clerk's Office, along with several exhibits. However, that correspondence was apparently never received in the Clerk's Office.[1]

---

[1] Plaintiff has also filed a MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT (Tab #22) along with his proposed SUPPLEMENTAL COMPLAINT (Tab #23) in which he avers that his filings were inappropriately handled at the prison, resulting in the failure of his response to the court's order reaching the Clerk's Office.

The defendants' MOTION TO DISMISS (Tab #11) is supported by two affidavits from members of the prison staff who have knowledge of the grievance procedure in general and specifically of the steps plaintiff Amerson took (or did not take) to exhaust his remedies at an administrative level. Those affidavits and the exhibits attached thereto provide the court with evidence to conclude that the plaintiff failed to appeal the denial of the formal grievances he filed and/or failed to actually file grievances with respect to the violations alleged in this suit.

Plaintiff's Objection is sworn under penalty of perjury, and in it plaintiff Amerson assures the court that he submitted several exhibits that would prove that he did exhaust the prison's administrative remedies. He also asserts that he gave the documents, along with an indigent postage form, to a counselor at the prison but that the mail was never sent out from the prison.

Failure to exhaust administrative remedies is an affirmative defense that the defendants have the burden of demonstrating to the court. ***Jones v. Bock***, 127 S. Ct. 910 (2007). In light of contrary representations by the parties, the undersigned finds the truth difficult to ascertain. However, in the view of the undersigned, the interests of the Prison Litigation Reform Act are best served by this court's dismissing the plaintiff's lawsuit *without prejudice* to permit plaintiff to pursue an out-of-time appeal of and presentation of his grievances. In this fashion, prison authorities will have the opportunity to consider and resolve plaintiff's complaints. Plaintiff would then be able return to federal court if he is not satisfied with the administrative resolution. **If prison authorities fail to permit plaintiff an out-of-time consideration, this court will consider the exhaustion requirement to have been met.**

Accordingly, IT IS RECOMMENDED that defendants' MOTION TO DISMISS (Tab #11) be GRANTED to the extent hereinabove set forth. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof. The Clerk is directed to serve plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.

SO ORDERED AND RECOMMENDED, this 29th day of JANUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE